IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
GERALD LEE NORRIS,                    )
                                      )
            Plaintiff,                )
                                      )
     v.                               )     Case No. 09-3241-JWL
                                      )
AUSTIN DESLAURIERS & SOCIAL           )
AND REHABILITATION SERVICES           )
            Defendants.               )
                                      )
_____)
```

# **MEMORANDUM AND ORDER**

Plaintiff filed this action against Austin DesLauriers and Social and Rehabilitation Services ("SRS"), alleging that he was denied appropriate medical care while at Larned State Hospital in Larned, Kansas. Defendants filed an answer on June 4, 2010 (doc. #9), and a motion to dismiss on June 8th (doc. #10). Plaintiff did not file a response, and the court ordered plaintiff to show cause on or before August 11th, 2010 why he failed to respond to the defendants' motion, explaining that the motion would be decided as uncontested if plaintiff did not show good cause by that date. *See* D. Kan. Rule 7.4. The court also ordered plaintiff to file a response to defendants' motion by that date. Court records demonstrate that this order was served on plaintiff by certified mail on July 26th, 2010 (doc. #19). Plaintiff has filed what appears to be a response to the show cause order, but he fails to set out any facts or circumstances which would constitute good cause for him not to have filed a timely response. Moreover, despite the court's order to

file a response to the motion to dismiss along with any response to the order to show cause, plaintiff has not filed any response to the motion to dismiss. For the reasons explained below, the court therefore decides the motion as uncontested and finds that dismissal of this case is warranted.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends of justice." *Id*. (quotation omitted). In evaluating whether dismissal is an appropriate sanction, the district court should consider the following factors: (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) whether a lesser sanction would be effective. *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)). It is within a court's discretion to dismiss a case with prejudice if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice. *Ehrenhaus*, 965 F.2d at 913.

Defendants have clearly suffered prejudice from plaintiff's failure to respond to their motion and failure to prosecute this case. Defendants undoubtedly had to expend significant resources in preparing the present motion to dismiss, and plaintiff has nonetheless failed to respond, despite the court's warnings. Moreover, plaintiff's failure

to respond has left the present motion pending on the court's docket.  *See, e.g., Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (finding the plaintiffs prejudiced the defendants by causing delay and mounting attorney's fees).  Plaintiff has also thereby interfered with the judicial process, in delaying resolution of the motion and necessitating the expenditure of court resources in attempting to secure a response from plaintiff.  Plaintiff has therefore inconvenienced the court as well as the defendants.

The third factor, the plaintiff's culpability, also weighs significantly in favor of dismissal.  Plaintiff received service of the motion and this court's order, and has failed to take any action to keep his own case on this court's docket.  Plaintiff is therefore aware of his obligation to respond and has simply failed to do so.  The fourth factor is also satisfied, as the court issued a show cause order warning plaintiff that his failure to respond would lead this court to decide defendants' dispositive motion as uncontested.  The court's docket reflects that plaintiff was served with this order by certified mail on July 26th, 2010.  Thus, plaintiff has been warned that the court would dismiss his case.  Finally, given plaintiff's failure to demonstrate good cause for not having responded to defendant's motion in a timely fashion and his failure to file any response to defendant's motion to dismiss, the court concludes that no remedy short of dismissal would be effective.  *See Jones*, 996 F.2d at 265-66 (dismissal of plaintiff's action was appropriate where plaintiffs, with the threat of dismissal facing them, still refused to comply with court orders).  The court therefore concludes that the *Ehrenhaus* factors weigh in favor of dismissing this case.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' motion to dismiss (doc. #10) is granted as uncontested, *see* D. Kan. Rule 7.4, and this case is dismissed.

**IT IS SO ORDERED.**

Dated this 18th day of August, 2010, in Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge